Smith, J.
We are of the opinion that the evidence in this case as to the shares of stock in The Pittsburg, Ft. Wayne and Chicago Railroad Company held by Gardner Phipps, dec’d, in his life time, and after his death by bis executors and trustees, does not bring the owners and holders of such stock within the principles announced by the Supreme Court in the case of Ratterman v. Ingalls, 48 Ohio St. 468, so as to excuse them from having failed to make a return thereof for taxation for the years mentioned in the petition, and for which years, the county auditor in January, 1888, in pursuance of the provisions of secs. 2781 and 2782 Rev. Stat-., placed on the duplicate for *459 collection, the amount of the taxes which would have been payable thereon for the several years, if the proper return thereof had been made by the owners of such stock ; and in addition to this also placed on the duplicate a penalty of 50 per centum on the amount of the tax so assessed for the years 1886 and 1887. At the same time the auditor found that in all of said years no return had been made by such defendants' of a large amount of stock held and owned by them in other companies, which it is conceded were taxable, and should have been returned for taxation under our laws for these several years, and the amount of such taxes were by the auditor at the same time placed on the duplicate for collection. But so far as these other securities are concerned, no question is now before the court, for after this suit was commenced, in which it was sought to recover such taxes, as well as those assessed on the stock of the Pittsburg, Ft. Wayne and Chicago Company, by consent a judgment was rendered against the defendants for the taxes thereon, which has been paid, and the only question remaining is as to the taxes for the years named, on the stock of the last named railroad company, and the penalty on the taxes levied thereon for the years 1886 and 1887.
Having found that the evidence in the case does not show such a state of fact, as excused the owners of this stock from returning the same for taxation, for this and the additional reason that from the returns made by the defendants for all of these years a very large amount of other securities held and owned by them, clearly taxable, and which apparently no one had reason to suppose were exempt from taxation, was omitted by the owners thereof, we think it must be held that in contemplation of the statute, the returns so made were “false returns,” and that the auditor of the county, under the sections referred to, was authorized to ascertain the true amount that should have been returned for taxation by the owners of such securities, “for the five years next prior to the year in which the inquiries and corrections *460 provided for” were made, and to place upon tbe duplicate the proper amount of taxes thereon, and on the taxes so found due, for the years after the passage of the act of April 14, 1886, a penalty of 50 per cent, all of which was done, and in our opinion properly done.
W. L. Avery, for plaintiff in error.
Wm. Worthington, for defendant in error.
The court of common pleas having taken an entirely different view of the law and the evidence, and having overruled a motion for a new trial, and rendered a judgment for the defendants, this judgment will be reversed, with costs, and a new trial atvarded.